

```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

WASHINGTON MUTUAL BANK )
          )
   Plaintiff,    )
          )
vs.         ) No 08 C 2874
          )
LINDSAY JENKINS, ET AL., ) Judge Gettleman
          )
   Defendants.  )

FILED
Aug 19, 2008
AUG 19 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### MOTION TO DISMISS AND ANSWER

1. Defendant undersigned denies the allegations of ¶ 1 of the original complaint and denies specific proof thereof. For the reasons set forth in her Affirmative Defenses, this action is without arguable legal or factual merit.

2. Defendant undersigned denies the allegations of ¶ 2 of the original complaint and denies specific proof thereof. For the reasons set forth in her Affirmative Defenses, this action is without arguable legal or factual merit.

3. Defendant undersigned denies the allegations of ¶ 3 of the original complaint and denies specific proof thereof. Because the copy served on her was a poor copy she is without sufficient ability to attest whether the attached document is a copy of the contact between the parties. For the reasons set

forth in her Affirmative Defenses, this action is without arguable legal or factual merit.

4.  (a) Defendant admits that she entered into some form of mortgage contact with the plaintiff but demands specific proof thereof and conditionally denies this allegation pending discovery and proof.

(b) Defendant admits that she entered into some form of mortgage contact with the plaintiff but demands specific proof thereof and conditionally denies this allegation pending discovery and proof.

(c) Defendant admits that she entered into some form of mortgage contact with the plaintiff but demands specific proof thereof and conditionally denies this allegation pending discovery and proof.

(d) Because Plaintiff pleads in the alternative, Defendant is without sufficient knowledge to admit or deny the legal status of the Plaintiff.

(e) Defendant admits that she entered into some form of mortgage contact with the plaintiff but demands specific proof thereof and conditionally denies this allegation pending discovery and proof.

(f) Defendant admits that she entered into some form of mortgage contact with the plaintiff but demands specific proof thereof and conditionally denies this allegation pending discovery and proof.

(g) Admitted.

(h) Denied

(i) Defendant admits that she entered into some form of mortgage contact with the plaintiff but demands specific proof thereof and conditionally denies this allegation pending discovery and proof.

(j) Denied. Plaintiff was never in default. This entire dispute is due to the incompetence, mismanagement and negligence of Washington Mutual. Defendant made all required payments under the mortgage until Plaintiff refused to accept the payments. As set forth in the affirmative defenses, Defendant has repeatedly tried to contact Washington Mutual to resolve bona fide disputes, but Washington Mutual refuses to respond to attorneys or anyone else. There is no default in this matter. Counsel for Plaintiff was just too over-eager to file a frivolous lawsuit without first contacting the Defendant to try and resolve matters.

(k) Admitted

(l) Defendant admits that she entered into some form of mortgage contact with the plaintiff but demands specific proof thereof and conditionally denies this allegation pending discovery and proof.

(m) Defendant admits that she entered into some form of mortgage contact with the plaintiff but demands specific

proof thereof and conditionally denies this allegation pending discovery and proof.

(n) Defendant admits that she entered into some form of mortgage contact with the plaintiff but demands specific proof thereof and conditionally denies this allegation pending discovery and proof.

(o) Defendant admits that she entered into some form of mortgage contact with the plaintiff but demands specific proof thereof and conditionally denies this allegation pending discovery and proof.

(p) Defendant admits that she entered into some form of mortgage contact with the plaintiff but demands specific proof thereof and conditionally denies this allegation pending discovery and proof. This lawsuit is an example of an over-eager law firm filing a frivolous lawsuit where there was no default and where Defendant had attempted in good faith to contact Washington Mutual, which refuses to respond. Defendant is going to seek her attorneys fees against the Plaintiff's law firm, as well as other relief as may be indicated. Defendant denies any liability for Plaintiff's fees.

(q) Defendant admits that she entered into some form of mortgage contact with the plaintiff but demands specific proof thereof and conditionally denies this allegation pending discovery and proof.

(r) Defendant admits that she entered into some form of mortgage contact with the plaintiff but demands specific proof thereof and conditionally denies this allegation pending discovery and proof.

## AFFIRMATIVE DEFENSES

1. <u>Common Exhibit</u>: common to all affirmative defenses is attached Exhibit A, to which the Plaintiff has ever responded.

2. <u>Contributory negligence</u>. This conflict and confusion is entirely due to the mismanagement, incompetence and negligence of Washington Mutual. Defendant has made attempts to contact Washington Mutual and been completely ignored.

3. <u>Duress</u>. This lawsuit is an attempt to harass and intimidate plaintiff into paying a claim before its maturity. Washington Mutual has refused to accept timely payments tendered by Defendant.

4. <u>Fraud</u>. There is a bona fide dispute about two matters:

(a) the variable interest rate, which plaintiff was advised was not to become active until 5 years, in common with her other Washington Mutual loans;

(b) the dispute over an escrow that the Plaintiff created outside the terms of the mortgage, and which Plaintiff has been unwilling to discuss.

5. <u>Payment</u>. Plaintiff has made all required payments under the mortgage, and is being abused and harassed because of the

internal administrative inefficiency of Washington Mutual (see attached letter Exhibit A).

6. <u>Failure of consideration</u>. Defendant gave good consideration to Plaintiff. Plaintiff has failed and refused to afford Defendant mutual consideration, thereby rendering the contract between the parties voidable.

7. <u>Breach of contract and bad faith</u>. The behavior of Plaintiff and Plaintiff's law firm represents a breach of the covenant of good faith and fair dealing which was an implied term and condition of the contract between the parties.

## COMPULSORY COUNTERCLAIMS

Plaintiff is going to make one final effort to resolve this matter with counsel of record. Failing that, she will initiate her own legal action to enforce her rights. Plaintiff does not believe that her claims are compulsory counterclaims but to the extent any of her claims are deemed to be compulsory counterclaims, Plaintiff asks the Court to either waive the requirement that they be pleaded at this time or extend the time for her to assert compulsory counterclaims.

## RULE 12 (b) MOTION TO DISMISS

Defendant was never served with process in this lawsuit in accordance with Illinois law. Illinois law requires personal service for a deficiency. Defendant was ever served in any lawful form and asks the Court to dismiss this action under F.R.Civ.P. 12 (b) for insufficiency of service of process.

Dated: August 18, 2008

                                            Respectfully submitted,

                                            */s/ Lindsay Jenkins*

                                            LINDSAY JENKINS
                                            300 Burns Street
                                            Forest Hills, NY 11375
                                            Tel. (888) 552-2194
                                            Fax  (888) 696-3799
                                            (not to exceed 10 pp. fax)


## CERTIFICATE OF SERVICE

    I certify I have served opposing counsel, Fisher and Shapiro, 4201 Lake Cook Road, Northbrook, IL 60062 via fax to (847) 291-3434 on June 10, 2008.

                                            */s/ Lindsay Jenkins*

                                            LINDSAY JENKINS

# EDWARD S. KANBAR, ESQ.
Attorney and Counselor at Law
107 University Place, Suite 6D
New York, NY 10003
Tel. (212) 254-1407
Fax (212) 254-9378

April 2, 2008

Loss Mitigation Department
Washington Mutual Bank
P. O. Box 44016
Jacksonville, FL 32231-4016

Re:   Offer of Compromise and Settlement
      Lindsay Jenkins, see attached

Dear Bank Personnel:

I have been retained by your customer to see if a negotiated settlement can be arranged to her legal claims. Please be advised my authority is limited to settlement negotiations only, and I will not be handing any federal court litigation.

PRELIMINARY OBSERVATIONS:

Mrs. Jenkins is a happy and satisfied customer of Washington Mutual. There were two problems that arose. First, through no fault of Mrs. Jenkins, when she made a payment last year on her mortgages, one of the loan payments from the check (she made three payments with one check) was allegedly in error. She was never notified. This erroneous posting triggered a series of problems that took months for Mrs. Jenkins to unravel.

It appears that there is a serious record keeping problem with your accounting systems. Mrs. Jenkins has been making regular payments on her loan, and none of these payments have apparently been recorded (see attached). So the problem which Mrs. Jenkins first experienced a year ago is still continuing at WaMu.

— EXHIBIT A

2

Mrs. Jenkins consulted me about filing a lawsuit against WaMu. I advised her that I do not handle litigation, but that I would attempt to see if we could negotiate a resolution of the conflicting claims.

It appears that WaMu has confused customers (see attached news clipping). Mrs. Jenkins has been confused by the attached loan, since she had other loans with WaMu that called for a fixed five-year rate, not an immediately escalating rate. Mrs. Jenkins gave up a 6% fix rate loan with Wells Fargo to take WaMu's offer and has unfortunately been penalized for her loyalty with fluctuating rates and negative amortization.

SETTLEMENT PROPOSAL:

In order to settle all pending matters, Mrs. Jenkins offers as follows:

    1. WaMu will credit all of Mrs. Jenkins payments to her loan. We don't know where these payments are now (see attached). In so far as we are aware, her payments are current through the end of March.

    2. WaMu will remove all late charges and fees from her account.

    3. WaMu will reduce the interest rate on her loan to 5.25%, and convert the loan to a full payout 30 year loan at 5.25%. Mrs. Jenkins will agree that the bank can retain its existing security interest until the loan is paid in full. No new documents need to be recorded since only the terms of the note are being modified, not the security interest.

    4. WaMu will recall any adverse credit information that it has communicated to credit reporting agencies and will reflect on WaMu's books that the loan is in good standing.

    5. WaMu will rebate to Mrs. Jenkins all interest in excess of 6% since the inception on the loan, and also rebate the negative amortization on her loan to return the principal balance to its original amount.

If there is any interest in settlement, please have your attorneys contact me to make arrangements for exchange of the necessary documentation. If no settlement is reached, my role will be at an end and both your bank and Mrs. Jenkins may proceed to litigate your respective claims, if any.

3

Sincerely yours,

*[signature]*

EDWARD S. KANBAR

ESK:sp

W/encl.

Washington Mutual
Mailstop JAXA2031
P.O. Box 44090
Jacksonville, FL 32231-4090



7100 4047 5100 5069 7091

February 21, 2008



000535

LINDSAY  JENKINS
30 E HURON ST# 4406
CHICAGO  IL  60611

**WE ARE A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

## NOTICE OF COLLECTION ACTIVITY

RE:  0704364967  6
30      E. Huron St # 4406
Chicago  IL 60611

Dear Borrower:

The records of Washington Mutual Bank indicate that as of the date of this letter, you have failed to make the required monthly payments under the terms of your Note ("Note") and related Mortgage or Deed of Trust, whichever is applicable ("Security Instrument") since 01/01/2008. The total amount presently due and owing ("Total Amount Due") consists of the following:

| | |
|---|---:|
| Principal & Interest Payment:$ | 1638.44 |
| Escrow: | 1791.06 |
| Accumulated Unpaid Late Charges: | 0.00 |
| Outstanding Fees Total: | 0.00 |
| Corporate Advance: | 0.00 |
| Credits: | 123.72 |
| Total Amount Due:$ | 3305.78 |

The terms of the Note and Security Instrument require you to pay each monthly payment and any related late charge and other fees when due. This correspondence will serve to notify you that you are in default under the terms of your Note and Security Instrument because of your failure to pay the above mentioned Monthly Payments, related late charges and fees when due.

You may cure this default within thirty (30) days from the date of this letter by paying to Washington Mutual Bank the total amount due plus any additional monthly payments and late charges falling due within this thirty day period. Failure to cure such default within the 30-day period will result in Washington Mutual declaring the entire outstanding principal balance, accrued interest and any other fees and charges due under the terms of the Note and Security Instrument to be immediately due ("Acceleration"). If this amount is not immediately paid at such time, Washington Mutual may exercise its remedies available under the terms of the Note and Security Instrument and applicable law, including the commencement of foreclosure proceedings which may result in the sale of your property.

After acceleration, you will have the right to assert any grounds you may have to prove the non-existence of a default. You may also reinstate your loan. In addition, you will have the right in any related foreclosure proceedings to assert any defense to acceleration, the foreclosure litigation and, if applicable, the eventual sale of your property pursuant to a court order or trustee power of sale.

We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

Please contact our office immediately to discuss your account status. Our toll free number is 1-866-926-8937.

Sincerely,

Collection Department

CO823

WaMu®

February 18, 2008

LM803

Lindsay Jenkins
30 E Huron St# 4406
Chicago, IL 60611


RE: Loan Number: 0704364967
    Property Address: 30 E Huron St# 440
                     Chicago IL 60611

   WE ARE A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT,
   AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

   WE HAVE TOLD A CREDIT BUREAU ABOUT A LATE PAYMENT, MISSED PAYMENT
     OR OTHER DEFAULT ON YOUR ACCOUNT. THIS INFORMATION MAY BE
                 REFLECTED IN YOUR CREDIT REPORT.

Dear Lindsay Jenkins :

In reviewing your home loan, we noticed that we have not received a
payment on your loan in awhile. We offer programs for customers who
may be experiencing hardships that prevent them from making their
home loan payments. We may be able to assist you.

Our Homeowner's Assistance programs are designed to ease the burden
for customers experiencing financial difficulties resulting from
involuntary job loss, illness, death, divorce or other situations.

We have enclosed a document that describes the programs available
and asks you to choose the one you'd like to apply for. Please note:
If you choose a loan modification and your request is approved, you
may be responsible for paying any fees associated with the
modification.

Each program has different guidelines, so we will need to review
your situation in order to determine if you qualify for the one you
chose. To help us do that, please fill out the enclosed financial
statement and return it to us, along with the completed
questionnaire. We also will need copies of your last checking or
savings account statement and your most recent pay stub(s). Please
send the documents to:

                    Washington Mutual
                    P.O. Box 44016
                    Jacksonville, FL 32231-4016

LA-LM803-006-CPI.4343.013006

WaMu

LM803

Page 2
Loan Number: 0704364967

Of course, we cannot guarantee you will qualify for any of the programs described; we will not know that until we review your information. During that time and until a payment program is worked out, all collection activity will continue. This may include credit bureau reporting and could eventually result in foreclosure. We sincerely hope that will not happen.

We want to help you, but we can't unless you contact us. Please return the enclosed forms as soon as possible. If you have any questions, please call us toll free at 1-866-926-8937.

Sincerely,


Loss Mitigation Department
Washington Mutual Bank

Enclosure(s)

LA-LM803-006-CPI.4343.013006

**Receipt 1** (handwritten: 2/16/08, 4406)

```
Another reason
to say Whoo hoo!
Our Automatic
Savings Plan
makes saving
regularly easy.
Ask us today!

        Transaction Summary

Acct #00000000000000704364967
Seq #343
Loan Payment:           $819.22

Receipt of this payment does not constitute
acceptance of the payment by lender or a
waiver of any rights the Lender has including,
without limitation, the right, at its option,
to not accept this payment and return it to
you and/or to exercise any of its rights and
remedies in the event of a default under
the terms of your loan documents.

        Washington Mutual Bank
         FOREST HILLS, #7381
           1-800-788-7000
      FDIC Insured, Equal Housing Lender
         Please retain your receipt.
      13:04      CD# 104     02/19/2008
      Thank you, JALEESA
```

**Receipt 2** (handwritten: March 08, 4406)

```
Our Automatic
Savings Plan
makes saving
regularly easy.
Ask us today!

        Transaction Summary

Acct #00000000000000704364967
Seq #344
Loan Payment:           $819.22

Receipt of this payment does not constitute
acceptance of the payment by lender or a
waiver of any rights the Lender has including,
without limitation, the right, at its option,
to not accept this payment and return it to
you and/or to exercise any of its rights and
remedies in the event of a default under
the terms of your loan documents.

        Washington Mutual Bank
         FOREST HILLS, #7381
           1-800-788-7000
      FDIC Insured, Equal Housing Lender
         Please retain your receipt.
      16:37      CD# 111     03/17/2008
      Thank you, TAMALEE
```

```
Keep your money moving.
WaMu Free Checking accounts
now come with a Debit MasterCard(R)
with PayPass(TM). It makes paying
for everyday items easy.
Ask about it today.
Transaction Summary

Acct #0000000000000704364967
Seq #255
Loan Payment:              $819.22

Receipt of this payment does not constitute
acceptance of the payment by lender or a
waiver of any rights the Lender has including,
without limitation, the right, at its option,
to not accept this payment and return it to
you and/or to exercise any of its rights and
remedies in the event of a default under
the terms of your loan documents.

Washington Mutual Bank
FOREST HILLS, #7381
1-800-788-7000
FDIC Insured, Equal Housing Lender
Please retain your receipt.
16:19    CD# 1       01/28/2008
Thank you, TRICIA
```



```
Keep your money moving.
WaMu Free Checking accounts
now come with a Debit MasterCard(R)
with PayPass(TM). It makes paying
for everyday items easy.
Ask about it today.
Transaction Summary

Acct #0000000000000704364967
Seq #179
Loan Payment:              $819.22

Receipt of this payment does not constitute
acceptance of the payment by lender or a
waiver of any rights the Lender has including,
without limitation, the right, at its option,
to not accept this payment and return it to
you and/or to exercise any of its rights and
remedies in the event of a default under
the terms of your loan documents.

Washington Mutual Bank
FOREST HILLS, #7381
1-800-788-7000
FDIC Insured, Equal Housing Lender
Please retain your receipt.
17:05    CD# 114     01/07/2008
Thank you, PETER
```

(Handwritten annotation on right receipt: "4306 Dec 05")

around each corner.

Gibson Dunn & Crutcher's Web site describes its New York headquarters at 200 Park Ave. as a "who's who of the world's leading corporations and financial institutions."

■

At long last, the vacant northeast corner of Lex-

three other Manhattan locations.

*steve.cuozzo@nypost.com*



NYPOST.COM

Get all of Steve Cuozzo's latest realty news at nypost.com

# WaMu on loans snafu

Washington Mutual, the largest U.S. savings and loan, is requiring that mortgage brokers show they disclosed lending terms to borrowers as a record number of Americans face losing their homes to foreclosure.

Brokers who do business with Washington Mutual must provide evidence that they revealed their compensation and explained terms of the loan they recommended including amounts, prepayment penalties, and whether interest rates or payments may change, the Seattle-based lender said.

Washington Mutual also said it would try to call every borrower represented by a broker to review the terms of a loan before closing.

Mortgage brokers have been criticized in Congress and by consumer advocates who say insufficient disclosure, deceptive lending practices and lax regulation helped raise foreclosures on U.S. homes to a record high in August. Rising interest rates squeezed homebuyers with poor credit histories prompting the worst housing slump in 16 years.

"This is a step in the right direction and it's very important this is done to avert future problems," said Allen Fishbein, director of housing and credit policy at the Consumer Federation of America, a Washington-based advocacy group. "Lenders in general need to play more of an oversight role if they use brokers."

About 59 percent of all mortgages last year were arranged through brokers, according to Columbia, Md.-based Wholesale Access Mortgage Research & Consulting.

*Bloomberg*



400 PARK AVE